# IN RE CUTLER.

PATENTS; RES JUDICATA; INTERFERENCE.

1. A decision of the Board of Examiners in Chief in an interference, from which no appeal is taken, is final between the parties as to the cause of action there involved and as to every issue which was, or might have been, decided therein. (Following *Blackford* v. *Wilder,* 21 App. D. C. 1.)

2. An award of priority in an interference is *res judicata* in a second interference and also in an *ex parte* proceeding on a subsequent application of the unsuccessful party, which was a division of an earlier application pending at the time of the first interference, where the claims are common to the earlier application and the application of the successful party in the interference, being directed to the same device and performing the same function. (Following *Cross* v. *Rusby,* 42 App. D. C. 341; *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504; and distinguishing *Re Curtiss,* 46 App. D. C. 183.)

3. A judgment, if rendered on the merits, constitutes an absolute bar to a subsequent action upon the same claim or demand; but where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel

only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

No. 1205. Patent Appeals. Submitted January 16, 1919. Decided March 3, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting the claims of an application for a patent.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Frank H. Hubbard* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal by Henry H. Cutler was taken from the decision of the Commissioner of Patents rejecting appellant's application for an invention relating to starters for electric motors. It is unnecessary to state the claims, since the appeal turns upon a single question of law.

It appears that appellant filed an application for a patent on February 10, 1902, on which patent issued September 28, 1915. This will hereafter be referred to as the original application. On February 27, 1907, he filed a division of the original application, which will be referred to as the divisional application. He also filed an application on April 9, 1904, on which patent was issued November 5, 1912, herein referred to as the 1904 application.

The 1904 application was involved in an interference with one Hall, which resulted in a judgment of priority for Hall. Hall secured a patent July 3, 1906. Appellant's 1902 application was not involved in the interference. Subsequently, appellant discovered claims in his original application, which would have supported claims in Hall's application. He, therefore, under office rules 78 and 165, on December 24, 1906, sought to

insert in the original application then in course of issue an amendment consisting of certain claims taken from the Hall patent. This petition was denied on the ground that the claims were directed to a species different from that claimed in the application. .

Appellant then filed the divisional application,—the application at bar,—claims 1 and 3 of which correspond to claims 13 and 7, respectively, of the Hall patent. A second interference between appellant and Hall was declared. This interference was dissolved in successive appeals to the Commissioner, on the ground that the judgment in the former interference was *res judicata*. The application was then returned to the primary examiner, where it was rejected on the same ground. The rejection was affirmed by the Board of Examiners in Chief, and also by the Commissioner, who based his decision both on *res judicata* and equitable estoppel. From that decision, this appeal was taken.

The tribunals below rejected claims 2, 4, 5, and 6, on the ground that they were drawn substantially to the same subject-matter as claims 1 and 3, and were not patentably different from those claims. With this holding, we are in accord. This leaves the single question, whether or not the judgment in the first interference is *res judicata* of appellant's right to make claims 1 and 3, which correspond with claims of the Hall patent.

When the Examiner of Interferences decided in favor of Hall in the first interference, appellant appealed to the Board of Examiners in Chief, who affirmed the Examiner. No appeal was taken from that decision, and the judgment of the Board became final between the parties as to the cause of action there involved and as to every issue which was, or might have been, decided therein. *Blackford* v. *Wilder,* 21 App. D. C. 1. The present claims were in Hall's application. Appellant's original application was in the Patent Office, and had he brought it into the case, his right of priority over Hall could there have been decided and settled. Even had a nominal second interference been necessary, the interferences would have been one and could have been considered on a single record, since the claims were

common to both inventions. *Cross* v. *Rusby,* 42 App. D. C. 341; *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504.

Clearly, under our ruling in the *Robinson Case,* appellant was estopped to prosecute his second interference. That being so, the same rule will apply to the present case. Nor can he take refuge behind our decision in the case of *Re Curtiss,* 46 App. D. C. 183. In that case, it appeared that in an earlier interference (*Janin* v. *Curtiss,* 45 App. D. C. 362) the count in issue called for a hydroaëroplane capable of rising from and alighting upon the water, while the claims of the later divisional application related to a device "capable of safe operation at high speed on the water, regardless of whether the machines are constructed so as to be able to subsequently rise from the water and fly in the air." We held the decision in the interference was not *res judicata* of the claims of the divisional application under consideration in the later case. The machine involved in the interference and the one involved in the later application were entirely different and performed different functions. In that case (*Re Curtiss*), we held the causes of action were different, but here the cause of action is the same in both cases. They are directed to the same device or invention,—a starter for an electric motor which automatically cuts out resistance. The distinction between the *Curtiss Case* and the case at bar is supported by the rule of *res judicata* announced in *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. ed. 195, where the suit was upon four county bonds and four coupons thereto attached. A judgment has been returned upon earlier maturing coupons attached to the same bonds, which, it was claimed, constituted an estoppel to the second suit between the same parties. The court, speaking through Mr. Justice Field, said: "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar

to a subsequent action. . . . But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

The decision of the Commissioner of Patents denying the claims to appellant on the ground of *res judicata* is right. The decision is therefore affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*